EWING *v.* SCHOPF, AUDITOR, ET AL.

*Schools — Transfer of territory — Bonds and pre-existing indebtedness — Payable by new district — Injunction — Pleading — Demurrer.*

In transferring an existing school district to an adjacent rural school district an agreement that the territory so transferred shall be relieved from payment of its outstanding indebtedness is without authority of law, and demurrer lies to a petition for a perpetual injunction against the levy of any tax upon property outside of the transferred district for payment of bonds issued by said district prior to the transfer.

(Decided February 5, 1919.)

APPEAL: Court of Appeals for Wayne county.

*Messrs. Weygandt & Ross,* for plaintiff.

*Mr. Joseph McGhee,* attorney general; *Mr. William J. Ford* and *Mr. Benton G. Hay,* prosecuting attorney, for defendants.

HOUCK, J.   This is an appeal case and is here on demurrer to the petition of plaintiff.

From the petition it appears that on the 3d day of May, 1917, the county board of education of Wayne county, acting under the provisions of Section 4692, General Code, as amended 106 Ohio Laws, 396, by resolution duly adopted, transferred the whole of Doylestown village school district, in Wayne county, to Chippewa rural school district in the same county; that at the time said transfer was made the village district had an outstanding bonded indebtedness of $12,000 and it was agreed that if the transfer was made it was to be free of indebtedness to the transferee, and that the village district was to remain intact for the disbursement of its then indebtedness; that the county auditor had already made a general levy upon all the taxable property of plaintiff and other taxpayers of said Chippewa rural school district for the payment of said bonded indebtedness, etc.

Plaintiff prays that the defendant, the county auditor, be perpetually enjoined from the levy of any tax upon plaintiff to create a sinking fund for the retirement of said bonds, and prays that the defendant, the county treasurer, be enjoined from collecting such tax, etc.

The question here presented—Is the demurrer well taken?

The general rule of pleading is that the want of essential allegations necessary to be set forth in

a cause of action or defense renders same subject to demurrer. Does the petition in the present case stand this test?

We have examined all the sections of our school laws referred to by counsel in the case and are clearly of the opinion that the county board of education had full and complete authority in the premises to do just what it did with reference to the transferring of the school territory in question. However, we find no authority in law for the alleged agreement between the county board of education and the village board of education that the transfer of said territory should be free of said bonded indebtedness, and, that being so, it neither adds to nor takes from said petition anything so far as it affects the rights of the parties hereto with reference to the demurrer.

In their attempt to make this so-called agreement said boards of education exceeded their authority, and as such members of said boards of education are not bound thereby.

We think the rule in Ohio is well fixed that when territory for school purposes is transferred pursuant to statutory authority, as is clearly admitted in the petition now before us, those residing in such annexed territory may be taxed to pay pre-existing indebtedness embraced in the new territorial district.

If this rule of law is sound, then the allegations of the petition of plaintiff are not sufficient in fact and law to warrant the granting of the relief sought. It follows that the demurrer is well taken and should be sustained.

*Demurrer sustained.*

POWELL and SHIELDS, JJ., concur.